**People of the State of Illinois, Plaintiff-Appellee, v. Alfred Kelly, Defendant-Appellant.**

**Gen. No. 50,702.**

First District, Fourth Division.

December 30, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty and Frederick F. Cohn, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

In a bench trial defendant was convicted of theft and, on a finding that the property stolen exceeded $150 in value, he was sentenced to the penitentiary for a term of three-to-six years. The only point raised by defendant on this appeal is that the evidence failed to show that the stolen automobile had a value in excess of $150. In his brief he contends, therefore, that the sentence should be reduced to one appropriate to a misdemeanor for theft of property not exceeding $150 in value.

The indictment which was returned on August 17, 1964, charged defendant with theft of property exceeding $150 in value, in violation of section 16–1(a) of the Criminal Code.[1] Ill Rev Stats (1963), c 38, § 16–1(a).

A Behavior Clinic examination was conducted, and, after a sanity hearing, on a jury's verdict, defendant was adjudged competent to stand trial. A jury was waived and, at the conclusion of the evidence, the trial judge found defendant guilty of "grand theft, value of property over $150.00." Judgment using the same terminology was entered (as set forth in the common law record), and the usual post-trial motions were denied. A hearing was held to consider matters in aggravation and mitigation, and sentence was imposed as related above. The sentence also included the language quoted in this paragraph concerning "grand theft" and the value of the property stolen.

█ The report of proceedings discloses testimony that a garageman had estimated the cost of repair of the stolen 1959 Chevrolet automobile at $500, it having been wrecked at the time of defendant's arrest. We agree with defendant that this testimony does not necessarily evi-

---

[1] The statutory definition of the crime as related to this case reads as follows:

A person commits theft when he knowingly:

 (a) Obtains or exerts unauthorized control over property of the owner;
 . . . and

 (1) Intends to deprive the owner permanently of the use or benefit of the property; or
 (2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or
 (3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

dence the value of the car at more than $150. People v. Fognini, 374 Ill 161, 28 NE2d 95. The only testimony bearing directly on value is that of the complaining witness who frankly stated that he did not know if his automobile was worth more than $150 at the time of its theft.

The significance of the value of the stolen property is at once apparent upon examination of the penalty provisions of section 16–1 which read:

> A person first convicted of theft of property not from the person and not exceeding $150 in value shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both. A person convicted of such theft a second or subsequent time, or after a prior conviction of any type of theft, shall be imprisoned in the penitentiary from one to 5 years. A person convicted of theft of property from the person or exceeding $150 in value shall be imprisoned in the penitentiary from one to 10 years.

When it came time for the State to file its brief in this court, the State's Attorney filed instead a Confession of Error in which he acknowledged the record's lack of proof of the stolen automobile's value, and moved the court to reverse the conviction and remand the cause for a new trial. No objections or countersuggestions were filed by defendant, and, in the absence of objection, the motion was allowed as a matter of routine.

Several weeks thereafter defendant presented a motion to vacate the order reversing and remanding the cause for a new trial, arguing that, under the circumstances, defendant was entitled to an outright reversal. Again we have been left to pass on the motion unilaterally, as this time the State's Attorney has seen fit not to object.

Presently confronting us, therefore, are three alternatives: (1) to affirm the trial court's sentence of three-

to-six years for "grand theft," (2) to recognize the State's claim that there should be reversal and remandment for a new trial, or (3) to accede to the defendant's contention that his conviction should be reversed outright without remand or modification. We are of the opinion that none of these positions is correct, and we elect to follow a fourth route of our own choosing.

██ Considering first the State's Confession of Error as requiring reversal, we are not bound to recognize as error whatever a party may confess to be such, nor are we bound to follow the suggested remedy of either party for the cure of any such confessed error. As stated by the Supreme Court in Young v. United States, 315 US 257, 258, 259:

> The public trust reposed in the law enforcement officers of the Government requires that they be quick to confess error when, in their opinion, a miscarriage of justice may result from their remaining silent. But such a confession does not relieve this Court of the performance of the judicial function. The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed. See Parlton v. United States, 75 F2d 772. The public interest that a result be reached which promotes a well-ordered society is foremost in every criminal proceeding. That interest is entrusted to our consideration and protection as well as to that of the enforcing officers. Furthermore, our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties. (Citing cases.)

See also United States v. Holton, 227 F2d 886, 893–895 (7th Cir), cert den 350 US 1006.

209

■ It would appear that the term "grand theft" and the allegations and findings as to property value employed throughout these proceedings have misled the State's Attorney into the belief that defendant's conviction may not stand in the absence of proof that the stolen automobile exceeded $150 in value. This is not true, however, as the only crime with which we are here concerned is that of "theft." Theft is committed by the stealing of "anything of value," regardless of the amount thereof. Ill Rev Stats, c 38, § 15–1. The particular value of the property relates only to the nature and extent of the penalty which may properly be imposed.

■ When the State seeks the maximum penalty permitted by the statute, by alleging in the indictment a property value in excess of $150 (as in this case), and the proof fails as to value only, it does not follow that the crime of "theft" has not been proved. The court may take judicial notice of the fact that a 1959 Chevrolet driveable in 1964 is a thing of some value even though it may not, without more proof, conclude that the value exceeds $150. People v. Dunsworth, 323 Ill App 470, 474–478, 56 NE2d 52.

■ We are of the opinion, therefore, that the record shows defendant to have committed the crime of theft.[2] In this circumstance, neither defendant's argument nor the State's Attorney's Confession of Error affords any ground for reversal of the judgment insofar as it finds defendant guilty of theft. The Confession of Error was properly presented, however, to point out that the record affords no basis for a sentence of three-to-six years.

■ ■ In his brief as originally filed, defendant contended that this court should exercise its authority under

---

[2] The same situation obtained under the prior statute. Ill Rev Stats (1959), c 38, §§ 387, 389. There were not distinct crimes of "grand larceny" and "petty larceny," the distinction being only the difference in facts determinative of appropriate punishment. See People v. Swinson, 406 Ill 233, 237, 92 NE2d 758.

section 121–9(b)(3) of the Code of Criminal Procedure to reduce the degree of the offense of which he had been convicted. Ill Rev Stats (1963), c 38, § 121–9(b)(3). We undoubtedly have that power, and it is an extremely valuable judicial tool, the use of which is warranted in cases involving "included offenses." From what we have said, though, it can be seen that we do not consider "petty theft" to be an included offense in "grand theft." Ill Rev Stats (1963), c 38, § 2–9. The crime is simply "theft." But another power was granted by the Code of Criminal Procedure which does make it possible for us to determine this case without remand for correcting the sentence. Pursuant to section 121–9(b)(4) we may "[r]educe the punishment imposed by the trial court." [3]

To what, then, should the sentence be reduced? If we were to rely solely on the aspect of the property's value, the penalty would have to be limited to a fine and/or jail sentence. Other matters in the record, however, not brought to our attention by either party, place a different light on the question and require a penitentiary sentence.

■ The penalty paragraph of section 16–1 (quoted above) provides a mandatory sentence within the range of one-to-five years for a person convicted of theft (where the property stolen does not exceed $150 in value) after a prior conviction of any type of theft. As mentioned earlier in this opinion the trial court, prior to sentence, conducted a hearing as to matters in aggravation and mitigation. The record includes a stipulation that defendant had been convicted of grand larceny in 1956 and sentenced to the Mississippi penitentiary for a term of two years. The record also shows that in 1961 defendant

---

[3] Prior to enactment of this statute it was necessary for a reviewing court to remand the cause to the trial court in order to reduce a sentence. See People v. Wesley, 30 Ill2d 131, 136, 195 NE2d 708.

was convicted of petty theft in Chicago and sentenced to one year in the House of Correction.[4]

We conclude from this record that an appropriate sentence in this case would be a term of not less than one nor more than five years and defendant's sentence should therefore be reduced accordingly.

In reaching this decision we are mindful of the fact that the indictment did not allege the defendant's prior theft convictions. We are also aware of decisions which have held that prior convictions must be pleaded in order to justify conviction and sentence under a statute providing for the imposition of an aggravated penalty upon recidivist offenders; e. g., People v. Hightower, 414 Ill 537, 544, 545, 112 NE2d 126. We distinguish those cases, though, on the basis of a difference in the statutory background against which the present case is to be decided.

It is true that in Hightower the court was dealing with a statute (the Narcotic Drug Act, Ill Rev Stats (1951), c 38, § 192.23) which, like the current theft statute, was silent as to whether or not a prior conviction should be alleged in the indictment in order to sustain an aggravated penalty. The court commented, however, on the fairness of the Federal rule which omitted prior convictions from the indictment and the jury's consideration, but considered itself powerless to adopt such a practice without "sanction of the legislature." We are of the opinion that this power has since been impliedly sanctioned by the legislature.

---

[4] The record further discloses that in 1958 defendant was charged in Cook County with larceny of an automobile, but on a reduced charge of criminal trespass was sentenced to six months in the County Jail; and that in May, 1964 defendant was charged with theft involving shoplifting and was placed under supervision for a year, of which period only about two months had passed when defendant committed the crime which is the subject of the present case.

To begin with, we feel constrained to state that we can scarcely conceive of anything more prejudicial to the defendant in a trial to determine his guilt or innocence of the instant charge, than the submitting to the fact-finder proof of prior convictions of a similar offense. (We are limiting our concern now, of course, to the introduction of such proof solely for the purpose of qualifying for an aggravated penalty.) In the case before us, for example, it would certainly have weighed heavily against the defendant, in the mind of the court (consciously or subconsciously), if the State had been permitted to prove in its case in chief that the defendant had stolen automobiles on previous occasions.

People v. Lund, 382 Ill 213, 46 NE2d 929 is a case in point. In that case there were two counts to the indictment, one charging the instant offense of petty larceny, and the second charging the instant offense and three prior petty larceny convictions. The latter count was intended to comply with section 393 of the Criminal Code for aggravated penalties, but failed to allege that the defendant had met the age requirement (18 years) pursuant to one of the provisions of that section. The trial court denied a motion to quash the second count, and the Supreme Court held this to have been error.

As to the first count, the court held that a conviction thereunder could not stand because in the course of the trial evidence of the prior convictions under the second count had been admitted for the jury's consideration. Recognizing what we have pointed out to be the basic unfairness of such evidence, the court said at page 217:

> The State introduced upon the trial evidence that defendant had previously been convicted three times of the offense of petty larceny. This evidence was incompetent and *highly prejudicial*. It had nothing to do with the larceny of May 17, 1941, for which the defendant was on trial under the first count of

213

the indictment. Its effect was to give to the jury the details of her criminal record. Evidence of a distinct, substantive offense, in no way relevant to the matters in issue, cannot be admitted against a defendant being tried for a similar crime, for, to the mind of the average person, proof that the accused committed a similar offense, or one equally heinous in character, tends toward the belief that he is guilty of the crime charged. (People v. Gawlick, 350 Ill 359.) A defendant charged with crime has a right to a fair and impartial trial according to the rules of law requiring the exclusion of incompetent and *prejudicial evidence.* Regardless of his depravity of character or how full of crime his past life may have been, he is entitled to be tried only upon competent evidence and to stand before the jury unprejudiced by improper reference to his former crimes. The law does not provide one method for trying innocent persons and another for trying guilty persons." (Emphasis supplied.)

Despite the court's strong feeling on this subject, as demonstrated by this quotation, it is apparent, nevertheless, that it would have accepted the introduction of such evidence under the second count if it had been sufficiently pleaded. The reason, of course, is that the statute as it then existed required the inclusion of prior convictions in the indictment if the felony penalties were to be applied. Ill Rev Stats (1939), c 38, § 393. The section read:

In case of a second conviction of the offense of petty larceny by any person over the age of eighteen years, the punishment shall be by imprisonment in the penitentiary for a term of not less than one year and not exceeding three years; and on the trial under an indictment for petty larceny, a duly certified copy of the record of a former conviction and judgment of any court of record in this State, for a like

offense against the party indicted, shall be prima facie evidence of such former conviction, and may be used in evidence against such party; *Provided, that such former conviction and judgment shall be set forth in apt words in the indictment.* (Emphasis supplied.)

This statute was on the books from 1874 until its repeal effective January 1, 1962. It is highly significant, we believe, that the penalty paragraph of section 16–1 of the Criminal Code of 1961 (quoted above), which replaced the old section 393, carried over the concept of increased penalty for repeated offenses, but dropped the requirement that the former conviction be pleaded in the indictment. This legislative action took place subsequent to the Hightower decision in which the court seemed to say that it would welcome a legislative release from the need to uphold the practice of pleading prior convictions.

More specifically in regard to Hightower, the legislature amended the very section of the statute involved in that case, to provide that "[a] former conviction of a subsequent offense shall not be alleged in the information or indictment, as the case may be, and no evidence or other disclosure of such conviction shall be presented to the court or the jury during the trial of the principal offense unless otherwise permitted by the issues properly raised in such trial." Ill Rev Stats (1959), c 38, § 192.28–38c; now found at c 38, § 22–43, Ill Rev Stats (1963).

Meanwhile, also, the barbaric Habitual Criminal Act, which required the setting forth of prior convictions in the indictment, was first softened in 1957 by amendment to prohibit such pleading (similar to the Narcotics Act amendment the same year), and then repealed altogether in 1963. Ill Rev Stats (1957), c 38, §§ 602, 603.3; and (1963), c 38, § 126–1.

The Hightower opinion referred to the case of People v. Boykin, 298 Ill 11, 131 NE 133. The decision, as

215

distinguished from some of the opinion language, in that case is not contrary to our determination of this question. There an information was brought under an ordinance which prohibited pandering and provided aggravated penitentiary penalties for repeated offenses. The information did not allege any prior conviction under the ordinance, and was filed in the Municipal Court which would not have had jurisdiction to impose a penitentiary sentence. The decision of the Supreme Court upheld a jail sentence and fine.

 Under the practice, as we now envision it pursuant to the current statutory scheme, prior convictions for theft would not and should not be alleged in an indictment, and no proof thereof should be received before conviction of the current offense. In appropriate cases, however, it would still be open to the State to prove such prior crimes after conviction for the purpose of enabling the court to impose the proper statutory penalty. This kind of proof falls squarely within the language of section 1–7(g) (Ill Rev Stats (1963), c 38, § 1–7(g)) relating to hearings in aggravation or mitigation, and it is our strong belief that that is the only appropriate place and time for such proof. It would have to be borne in mind by a State's Attorney that in following this procedure the aggravated penalty could not be imposed unless the prosecution for the current offense had been based upon indictment rather than information or complaint.[5] Ill Rev Stats (1963), c 38, § 111–2(a).

 The other grounds for enhanced punishment (property exceeding $150 in value and theft from the person) do not present any question of prejudice to a defendant in the course of trial, and we are unable to find any legislative declaration of public policy which would

---

[5] Indictment could, of course, be waived.

216

indicate that they should not continue to be alleged in the indictment and proved in the principal case.

In conclusion, this court's order of November 24, 1965, reversing defendant's conviction and remanding the cause for a new trial is vacated, the conviction is affirmed, and the sentence is reduced to not less than one nor more than five years in the Illinois penitentiary.

Affirmed with reduced sentence.

McCORMICK, P. J. and DRUCKER, J., concur.