THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRY RAMEY, Defendant-Appellant.

(No. 73-66;

Second District—September 27, 1974.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was indicted for the offense of armed robbery. He was convicted of the lesser included offense of theft of property having a value of less than $150. Inasmuch as the defendant had incurred a previous conviction for theft he was sentenced under section 16—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 16—1) to serve not less than 1 year nor more than 5 years in the penitentiary.

The defendant appeals from this conviction and from the sentence thereunder on four grounds; (1) that the jury should not have been instructed on a lesser included offense which he was not charged with in the indictment and which was not part of the same chain of circumstances as the greater offense, (2) that the defendant's conviction for theft under $150 should not have been enhanced from a misdemeanor to a felony, (3) that his defense was prejudiced by improper remarks in the closing arguments of the prosecutor and, (4) that his sentence is improper under the Unified Code of Corrections.

A brief review of the facts is necessary before discussing the points raised on appeal.

The defendant testified that he met Gerald Hartman, the complaining witness, for the first time around 11:30 P.M. November 14, 1971. After some initial conversation they drove in Hartman's automobile to Hartman's house, where they drank beer and engaged in homosexual activities. They then left the house and drove back into town where defendant, Ramey, picked up a couple of his friends to accompany them. They then drove to a tavern at the intersection of Green Bay Road and

Grand Avenue, known as the Dew Drop Inn. Hartman entered alone to buy some beer and snacks. After returning to the car and some further driving, Hartman stopped the car on a poorly lit part of the road so they could drink some beer. At this point the stories of the complaining witness, Hartman, and the defendant sharply differ. Hartman testified that after he stopped the car and turned off the lights the defendant, who was sitting in the front seat, pulled a knife on him and demanded his money. Hartman said that the defendant then opened the console of Hartman's car and removed about $65 which was in his check book. When Hartman attempted to reclaim the money the defendant struck him, causing him to bleed. Hartman admitted in cross-examination that when defendant struck him it was after Hartman had remarked on their having gone to bed together earlier in the evening. He also admitted that after the incident in which the money was stolen from him the four men drove around together for awhile, during which time they stopped for gasoline and also at a couple of other places along the way. Hartman at no time attempted to escape from the car nor did he attempt to hail a squad car which was passing by.

The defendant told a very different story. He said that when Hartman stopped the first time and went into the Dew Drop Inn to buy the beer and potato chips, the defendant, during Hartman's brief absence, broke open the console, found a bank book or check book there with about $65 in it and extracted the money, then closed the console. Defendant also said no threats were made to Hartman and the implication from defendant's testimony is that on his return to the car Hartman was not immediately aware that the money had been stolen from the console. The defendant denied ever threatening Hartman with a knife or even having a knife and said he struck Hartman with his fist because Hartman made further advances to him and reminded him that they had engaged in homosexual relations earlier in the evening. In any event, after the incident in which the defendant allegedly struck Hartman, they both agree that Hartman, after some further driving around, returned the defendant and his two companions to a location in town where they left the car. Hartman then went to the police station and filed a complaint, which is the basis of the indictment.

On this testimony, the jury found the defendant guilty of theft but not of armed robbery. The defendant contends that since the crime of which he was convicted occurred outside of the Dew Drop Inn at Green Bay Road and Grand Avenue, whereas the testimony of Hartman placed the armed robbery specified in the indictment at Green Bay Road and Sunset, about an hour later, the theft could not be included as a lesser offense of the armed robbery but was a separate and distinct offense not

included within the place and circumstances of the crime the defendant is charged with. For this reason the defendant argues it was not proper to convict him of the theft under the indictment charging him with armed robbery. The court rejected this argument on the basis of the opinion in *People v. Tolentino* (1966), 68 Ill.App.2d 480, which the court felt to be controlling. In *Tolentino* the defendant was charged with armed robbery when he was apprehended, with a companion, standing over the prostrate and bleeding body of one of the victims and searching his clothing. The defendant in that case was not convicted of armed robbery but only of theft from the person. The defendant contended he could not properly be convicted of a crime he was not charged with but the court held that the crime of theft from the person was a lesser included offense within the charge of armed robbery even though the charge was in a single count, and the conviction was affirmed.

■■ The defendant here attempts to distinguish between the case before us and *Tolentino* on the ground that in *Tolentino* there was no question of a separate time and place as between the armed robbery and the theft—it was all one single set of circumstances—whereas he argues in this case the only evidence as to the time and place of the crime of which the defendant was actually convicted, was entirely at variance with the time and place of the crime with which the defendant was charged in the indictment and which the complaining witness testified to. We do not agree that the *Tolentino* case was necessarily based on a single occurrence at one certain time, constituting a single set of circumstances. The victims in the *Tolentino* case may have been beaten and left unconscious and bleeding by unknown persons prior to the time when the defendant discovered and stole money from their persons, which would constitute a separate and distinct set of circumstances. In any event, however, since the defendant in the case before us supplied the facts of the crime of which he was convicted by his own testimony and the testimony of his friend and companion and obviously did so for the purpose of avoiding the greater offense of armed robbery with which he was charged, he cannot be heard to complain about the variance. The variance was created by his own testimony and this contained an admission of the crime of which he was convicted. The *Tolentino* case established that there can be a conviction for a lesser included offense on an indictment charging only the greater offense. We agree with defendant's contention that the State must prove its case by its own evidence and not by the evidence of the defendant. However, whether the crime in this case occurred at exactly the time and place testified to by Hartman or at the time and place testified to by the defendant, the defendant cannot complain, so long as it is established

that the crime of which he was convicted occurred on the day specified in the indictment and that it was an offense properly considered as a lesser included offense in the crime of armed robbery which he was actually charged with. See also *People v. Howell* (1973), 11 Ill.App.3d 391; and *People v. Havener* (1973), 13 Ill.App.3d 312.

■■ The same considerations apply to the contention of the defendant that the trial judge erred in the language of his instruction to the jury (Instruction #9), wherein he instructed the jury: "The defendant is charged with the crime of armed robbery and theft of property having a value of less than $150." Actually, the indictment charged the defendant only with armed robbery and the proper instruction would have been (IPI—2.01): "The defendant is charged with the crime of armed robbery, which includes the crime of theft of property under $150." The defendant argues that since the instruction actually given may have misled the jury into believing that the defendant was charged with theft as well as armed robbery when he was actually only charged with armed robbery and that the instruction as given, "gave the theft charge more credence than it actually deserved," the defendant was thereby prejudiced. This is a strange argument from the defendant for it was the defendant's own story to which the jury was giving credence in convicting him of the crime of theft of property under $150. Defendant can hardly be heard to complain that the jury believed his own testimony and that they should not have done so. If the jury had not believed the defendant's story then they would no doubt have accepted the complaining witness' version of the matter, in which case the defendant would have been found guilty of armed robbery. The defendant deliberately gave the jury a lesser alternative and he cannot complain that they accepted it.

■■ The defendant also complains about a remark made by the assistant State's Attorney at closing argument that "the defense strategy from the start was to cop-out on a lesser included offense of theft under $150." The defendant in his brief asserts, "The prosecutor's remark left a strong implication that the defendant had previously attempted to enter a plea of guilty to the theft charge, yet nowhere in the record is there any evidence of such a fact." This contention is, of course, open to the same objection as the previous one, that actually, by his testimony at the trial, the defendant, in effect, did admit to the theft, for his own purposes, and so it makes little difference whether or not the jury thought he had attempted to plead guilty to that offense previously. As a matter of fact, we do not consider the prosecutor's remark to have the implication imputed to it by the defendant. The defendant apparently is arguing that the phrase, "cop-out" is equivalent to "cop a

plea" which is, of course, translatable as to plead guilty. But we do not agree that "cop-out" is equivalent to "cop a plea." It is, we believe, more equivalent to the idea of an argument or stratagem having the purpose of evading or lessening the consequences of one's act and we believe the prosecutor's remark when so interpreted was not prejudicial under the circumstances.

The statute under which the defendant was convicted provides for a penitentiary sentence if it is a second conviction, whereas only a fine or incarceration in a penal institution other than the penitentiary is provided for a first offense. The defendant was sentenced to the penitentiary on the basis that this was his second conviction for theft and the defendant contends this was improper because where the statute provides an enhanced penalty for a second conviction of the same offense, the fact of previous conviction must be alleged in the indictment, which the State failed to do in this case. Defendant cites in support of this contention *People v. Ostrand* (1966), 35 Ill.2d 520 (citing *People v. Booker* (1966), 34 Ill.2d 16) and the decision of this court in *People v. Connell* (1972), 6 Ill.App.3d 791.

■■ While *People v. Ostrand, supra,* contained the observation that, "it was not only proper to allow the allegation and proof of a prior felony conviction, but it was necessary in order to prove defendant's commission of the felony of carrying a concealed weapon." (35 Ill.2d at 529.) The State argues that this was based on the 1961 Criminal Code which was repealed in 1962. The State further argues that the theft section of the Criminal Code, section 16—1, since 1963, contains no reference to alleging a previous conviction of theft in order to enhance the penalty for a second offense. It merely states, "A person convicted of such theft a second or subsequent time, or after a prior conviction of any type of theft, shall be imprisoned in the penitentiary from one to five years." The State cites *People v. Kelly* (1965), 66 Ill.App.2d 204, 216, for authority that:

> "* * * pursuant to the current statutory scheme, prior convictions for theft would not and should not be alleged in an indictment, and no proof thereof should be received before conviction of the current offense."

However, subsequent cases (*People v. Owens* (1967), 37 Ill.2d 131, 132; *People v. Weaver* (1968), 41 Ill.2d 434, 438; and *People v. Dixon* (1970), 46 Ill.2d 502) follow *Ostrand* and hold that the court may not impose an enhanced penalty for a successive conviction unless the prior conviction is alleged in the indictment and proved. In *People v. Ferrara* (1969), 111 Ill.App.2d 472, 479, this court followed *Ostrand* and upheld a conviction upon an indictment for theft which set forth a prior

offense of robbery as a basis for the enhanced penalty. Also, in *People v. Connell* (1972), 6 Ill.App.3d 791 (abstract opinion), we followed *Ostrand* under the same theft statute before us. We find that the rule of the cited cases demands that the defendant be informed in the indictment of the prior offense to be relied upon and that it be proved.

The remaining contention of the defendant, that under the provisions of the Unified Code of Corrections the defendant's sentence should be reduced to a maximum of 3 years, rather than 5, becomes moot in view of our holding that it is necessary to allege the previous conviction in the indictment in order to assess the enhanced penalty.

The judgment of the trial court is therefore affirmed, except as to the sentence imposed, and the case is remanded to the Circuit Court of Lake County with directions to vacate the sentence imposed and to resentence the defendant in accordance with the provisions of the Unified Code of Corrections applicable to a first conviction of theft of property having a value of less than $150.

Conviction affirmed, cause remanded with directions for resentencing.

GUILD and SEIDENFELD, JJ., concur.