THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL APRIL, Defendant-Appellant.

Third District   No. 78-320

Opinion filed July 13, 1979.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Carl April appeals from a conviction and sentence from the Circuit Court of Will County, Illinois. He was indicted on March 1, 1978, and charged with the offense of felony-retail theft in violation of sections 16—A—3(a) and 16—A—10(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, pars. 16—A—3(a) and 16—A—10(2)). The cause was tried in a bench trial, without a jury. Defendant was found guilty of the offense charged in the indictment and was sentenced to a term of 1 to 2 years in the penitentiary.

On appeal to this court, defendant contends that the State failed to prove beyond a reasonable doubt that defendant had been convicted of retail theft or theft on a prior occasion.

It appears from the record that defendant was stopped by a security guard in Joliet Sears Store on December 5, 1977. Defendant was then carrying a coat bearing Sears tags, of a value of $59.97, which was being carried inside a paper bag. Defendant had no receipt and told the security guard that he was going to the layaway department and that he had previously seen a black clerk with a mustache. Defendant was headed in the direction of a vestibule, which led both to the outside and to the layaway department. It was established that no black clerk worked at this Sears store at the time defendant was stopped. In support of the State's contention, it introduced copies of a certified statement of conviction (for theft or retail theft) of a person named Carl April, on a prior occasion.

Defendant was sentenced to serve 1 to 2 years in the penitentiary but was paroled in October 1978.

Under the provisions of section 16—A—10(2) of the retail theft article (Ill. Rev. Stat. 1975, ch. 38, par. 16—A—10(2)), the offense of retail theft (Ill. Rev. Stat. 1975, ch. 38, par. 16—A—3) of property, where the full value does not exceed $150, is nevertheless aggravated to a class 4 felony, if the defendant has been convicted of theft or retail theft on a prior occasion.

Defendant contends that the State failed to prove, beyond a reasonable doubt, that he had been convicted of theft or retail theft on a prior occasion, and therefore requested his conviction be reduced from a felony to a misdemeanor and that his sentence be reduced to 364 days imprisonment.

■■■ Where a prior conviction is alleged in an indictment and operates to aggravate the charged offense from a lesser to a greater offense, as is true

in the instant case, the prior conviction becomes an essential element of the offense and must be proven beyond a reasonable doubt. (*People v. Ramey* (1974), 22 Ill. App. 3d 916, 921-22, 317 N.E.2d 143, 147.) To sustain its burden of proof on this element of the charge, it has been held that the State must establish beyond a reasonable doubt that the person named in the certified statement of conviction introduced at trial to establish the prior felony conviction, is in fact the same person as the defendant in the trial. (*People v. Stewart* (1961), 23 Ill. 2d 161, 177 N.E.2d 237.) In *People v. Weathers* (1976), 40 Ill. App. 3d 211, 215, 351 N.E.2d 882, 886, we held that the mere identity of names is insufficient to prove the element of identity in a criminal case.

Even though our supreme court, in *People v. Davis* (1976), 65 Ill. 2d 157, 164, 357 N.E.2d 792, 795, indicated an intention to relax the rule that proof of a prior conviction should be by a copy of the certified statement of the conviction and identification of the defendant as the person named in the statement, the State, based on the precedents in this State, concedes that it failed to prove beyond a reasonable doubt that defendant had been convicted of theft or retail theft, on a prior occasion. The State, therefore, agrees with defendant that his conviction must be reduced from a felony to a misdemeanor.

Defendant has requested this court to reduce his sentence to a term of 364 days. Retail theft of property, the value of which does not exceed $150, is a class A misdemeanor (Ill. Rev. Stat. 1975, ch. 38, par. 16—A—10(1)). The defendant's conviction in this case should, therefore, be reduced to a class A misdemeanor. The sentence for a class A misdemeanor should be for any term less than 1 year (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—3(a)(1)). Accordingly, the request of defendant that his sentence be reduced to a term of 364 days should be granted.

This court is authorized to modify the sentence and enter any sentence which the trial judge could have entered. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—5—4.) The conviction of defendant in this cause is, therefore, reduced to a class A misdemeanor, and his sentence is reduced to the term of 364 days of imprisonment.

Affirmed as modified.

STENGEL and BARRY, JJ., concur.