102

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARLA B. HAYES, Defendant-Appellant.

Fifth District   No. 79-212

Opinion filed November 12, 1980.

John H. Reid and John W. McGuire, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

K. Rick Keller, State's Attorney, of Effingham (Martin N. Ashley and Gaye A. Bergschneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Marla Hayes was charged by information with retail theft of less than $150, in violation of section 16A—3(a) of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3(a)). The information did not allege that defendant had a prior conviction for retail theft or theft and did not specify whether the instant charge was a felony or a misdemeanor. It is uncontroverted, however, that during defendant's initial appearance and preliminary hearing, the State repeatedly pointed out that defendant had a prior conviction for retail theft as a misdemeanor, which elevated the instant charge to a Class 4 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10.) The record also establishes that throughout the proceedings, the court advised defendant of the penalties for a Class 4 felony.

In her trial before the court, defendant stipulated to her prior retail

theft conviction. Defendant was found guilty and was sentenced to 30 months probation, the first 60 days to be served in confinement. This sentence is authorized by the Unified Code of Corrections for a Class 4 felony conviction (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—2(b)(2)), but it exceeds the term authorized for a misdemeanor conviction (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—2(b)(3)).

After sentencing, defendant filed a motion in arrest of judgment on grounds that the information failed to charge a felony, in that it failed to allege defendant's prior conviction. The motion was denied. On appeal, defendant relies on *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499, and *People v. Ramey* (1974), 22 Ill. App. 3d 916, 317 N.E.2d 143, for the proposition that allegation of a prior theft conviction in the indictment or information is a prerequisite for the prosecution and punishment of a subsequent retail theft of less than $150 as a felony and requests that her conviction be reduced to one for misdemeanor theft. The State argues that in light of the actual notice given to defendant that she was being prosecuted for felony theft, the defect in the indictment, if any, was not fatal. The State further contends that the information adequately apprised defendant of the elements of the offense and that defendant is estopped from asserting error by her conduct in stipulating to her prior conviction.

The offense of retail theft is defined in section 16A—3 of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3). The offense is classified in section 16A—10 (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10), which provides that:

"(1) Retail theft of property, the full retail value of which does not exceed $150, is a Class A misdemeanor.

(2) After a conviction of retail theft or theft, * * * a second or subsequent offense of retail theft, the full retail value of which does not exceed $150 is a Class 4 felony."

■■ A fundamental requirement of our criminal code is that an information must set forth the nature and elements of the offense charged. (Ill. Rev. Stat. 1979, ch. 38, par. 111—3.) Material defects in an information which amount to a failure to charge an offense are timely raised by a motion in arrest of judgment. (Ill. Rev. Stat. 1979, ch. 38, par. 116—2; *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.) When the sufficiency of an information is challenged for the first time on appeal, however, the standard for review is whether the charge states the offense with sufficient specificity to allow preparation of a defense, and whether conviction upon the charge operates as a bar to further prosecutions arising out of the same offense. *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437; *People v. Williams* (1980), 80 Ill. App. 3d 963, 400 N.E.2d 532; *People v. Rodgers* (1978), 58 Ill. App. 3d 719, 374 N.E.2d 721.

*People v. Racinowski* (1979), 78 Ill. App. 3d 954, 397 N.E.2d 932, analyzed several sections of the Criminal Code which impose enhanced penalties or elevated classifications for offenses committed by a person having prior convictions. The court concluded that where enhancement is mandated by statute and is not discretionary with the court, the "prior conviction becomes an element of the offense charged, and must be alleged in the indictment or information." 78 Ill. App. 3d 954, 961, 397 N.E.2d 932, 937.

Defendant cites *People v. April* (1979), 73 Ill. App. 3d 555, 392 N.E.2d 400, as authority for the application of this principle to retail theft prosecutions under section 16A—3. We do not interpret *April* so broadly, however, because *April* concerned the manner of proving a prior conviction that had been alleged in the indictment, and did not address the issue of whether the allegation was necessary in the first place.

In *People v. Ramey* (1974), 22 Ill. App. 3d 916, 317 N.E.2d 143, the court held that an enhanced penalty for theft of property having a value less than $150 could not be imposed unless the prior conviction was alleged in the indictment and proved at trial. In reaching this result the court relied on several decisions of our supreme court, principally *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499. In *Ostrand*, the defendant argued that it was highly prejudicial and improper to allege in the indictment and prove at trial his prior conviction of "carrying firearms" under the former statute (Ill. Rev. Stat. 1961, ch. 38, par. 155) in order to enhance the degree of the subsequent offense of unlawful use of weapons from a misdemeanor to a felony under the Criminal Code of 1961 (Ill. Rev. Stat. 1961, ch. 38, par. 24—1(b)). Defendant argued that the prior conviction was not an element of the subsequent offense but was related to the severity of the penalty that could be imposed. The court stated that "it was not only proper to allow the allegation and proof of a prior felony conviction, but it was necessary in order to prove defendant's commission of the felony of carrying a concealed weapon." (35 Ill. 2d 520, 529, 221 N.E.2d 499, 505.) We would note, however, that the issue before the court was not the necessity, but the propriety of such allegation and proof. In *Ramey*, the court stated that *Ostrand* and subsequent cases (*People v. Owens* (1967), 37 Ill. 2d 131, 225 N.E.2d 15; *People v. Weaver* (1968), 41 Ill. 2d 434, 243 N.E.2d 245; *People v. Dixon* (1970), 46 Ill. 2d 502, 263 N.E.2d 876) held "that the court may not impose an enhanced penalty for a successive conviction unless the prior conviction is alleged in the indictment and proved." (22 Ill. App. 3d 916, 921, 317 N.E.2d 143, 147); however, in none of the cases cited was the issue before the court the necessity of allegation of the prior conviction in the indictment.

In *Owens*, the defendant contended that the allegation of the prior felony conviction of robbery in an indictment for unlawful use of weapons in order to enhance the penalty deprived him of a fair trial and denied him due process of law. In rejecting this contention, the court cited its holding in *Ostrand*. A similar argument was rejected in *People v. Weaver*.

*People v. Dixon* was concerned with the sufficiency of the allegation and proof of the prior conviction in an indictment charging unlawful use of weapons. While the court did say that it had held that it was necessary to allege the prior conviction in the indictment before an increased penalty could be imposed, citing *People v. Ostrand*, again the issue before the court was not the necessity of alleging the prior conviction in the indictment or information, as it had not been the issue before the court in *Ostrand*.

We do not read any of the supreme court cases cited to hold that the prior conviction must be alleged in the indictment. Of course it must be proved, and here it was proved by stipulation of the parties.

Appellate court cases have held that while there is no requirement that prior convictions which may subject a defendant to an enhanced penalty or extended term of imprisonment need be set out in an indictment or information (*People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374; *People v. Racinowski* (1979), 78 Ill. App. 3d 954, 397 N.E.2d 932), where the statute mandates an enhanced penalty or elevates the degree of an offense from a misdemeanor to a felony, the prior conviction must be alleged in the indictment. (*People v. Racinowski*, citing, *inter alia, Ostrand* and *Ramey*.) The stated logic is that the prior conviction then becomes an element of the offense charged. (*People v. April* (1979), 73 Ill. App. 3d 555, 392 N.E.2d 400.) Again, the issue before the court in *Racinowski* and *April*, however, was not whether the body of the indictment or information must contain the allegation of the prior conviction to charge the enhanced offense or require the imposition of an enhanced penalty.

We cannot find any prejudice to the defendant in the procedure here followed. The defendant knew she was on trial for felony retail theft as she was repeatedly told the penalties for conviction of a Class 4 felony.

In *People v. Kelly* (1965), 66 Ill. App. 2d 204, 214 N.E.2d 290, the court sentenced defendant for felony theft under the penalty provision of the Criminal Code which elevated to a felony theft of property of less than $150 in value where the offender had previously been convicted of theft (Ill. Rev. Stat. 1963, ch. 38, par. 16—1). The prior conviction was not alleged in the indictment but was proved by stipulation at the sentencing hearing. The court noted that section 16—1 of the Criminal Code of 1961,

unlike its prior counterpart (Ill. Rev. Stat. 1961, ch. 38, par. 393), did not require that the former conviction be pleaded in the indictment. In approving of this procedure, the court stated:

> "To begin with, we feel constrained to state that we can scarcely conceive of anything more prejudicial to the defendant in a trial to determine his guilt or innocence of the instant charge, than the submitting to the fact-finder proof of prior convictions of a similar offense. (We are limiting our concern now, of course, to the introduction of such proof solely for the purpose of qualifying for an aggravated penalty.) In the case before us, for example, it would certainly have weighed heavily against the defendant, in the mind of the court (consciously or subconsciously), if the State had been permitted to prove in its case in chief that the defendant had stolen automobiles on previous occasions." 66 Ill. App. 2d 204, 213, 214 N.E.2d 290, 295.

We would note that under article 33B of the Criminal Code, which provides for life sentences for certain habitual criminals, it is expressly provided that prior convictions shall not be alleged in the indictment and no evidence of a prior conviction shall be presented to the court or jury (Ill. Rev. Stat. 1979, ch. 38, par. 33B—2).

Notwithstanding what we have said about our reading of *Ostrand*, in *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496, the supreme court stated that it was settled that the prior conviction must be alleged and proved, and numerous appellate court cases have stated that it is not only proper but necessary to plead and prove the prior conviction before the offense may be elevated in degree of seriousness or an enhanced penalty imposed. See, *e.g., People v. Plair* (1977), 51 Ill. App. 3d 75, 366 N.E.2d 410; *People v. Bracey* (1977), 52 Ill. App. 3d 266, 367 N.E.2d 351; *People v. Henry* (1978), 65 Ill. App. 3d 71, 382 N.E.2d 429; *People v. Mitchell* (1979), 68 Ill. App. 3d 370, 386 N.E.2d 153; *People v. Tilden* (1979), 70 Ill. App. 3d 859, 388 N.E.2d 1046; *People v. April* (1979), 73 Ill. App. 3d 555, 392 N.E.2d 400; *People v. Racinowski* (1979), 78 Ill. App. 3d 954, 397 N.E.2d 932.

In *People v. Hayes* (1973), 15 Ill. App. 3d 851, 305 N.E.2d 283, the court, while approving of the reasoning and logic of *People v. Kelly*, stated it felt constrained to follow *Ostrand* and *Dixon*. We adopt the same course, even though we believe much of the precedent has relied on *dicta* in establishing the requirement of pleading the prior conviction.

As to the State's argument that defendant is estopped from asserting the defect in the information, if any, as error where she stipulated to her prior conviction, the stipulation dispensed with the necessity of proof of the prior conviction; it did not supply the defect in the information, which was properly raised by motion in arrest of judgment.

The judgment of the Circuit Court of Effingham County is reversed, and the cause is remanded with directions to enter a judgment of conviction for a Class A misdemeanor and proper sentence thereon.

Reversed and remanded with directions.

JONES, P. J., and SPOMER, J., concur.