(No. 54360.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. MARLA B. HAYES, Appellee.

*Opinion filed November 20, 1981.*

Tyrone C. Fahner, Attorney General, of Springfield, and Rick Keller, State's Attorney, of Effingham (Martin N. Ashley, Gaye A. Bergschneider, Gillum Ferguson, and Stephen E. Norris, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

John H. Reid and John W. McGuire, of the Office of the State Appellate Defender, of Mount Vernon, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Following a bench trial in the circuit court of Effingham County defendant, Marla B. Hayes, was convicted of retail theft of less than $150 (Ill. Rev. Stat. 1979, ch. 38, par.

16A—3(a)). She was sentenced to 30 months' probation, the first 60 days to be served in confinement. The appellate court reversed and remanded (90 Ill. App. 3d 102), and we granted the People's petition for leave to appeal.

The information, in three counts, charged three separate instances of retail theft of less than $150, contained no allegations of a prior conviction of retail theft, and did not state whether the offense charged was a misdemeanor or a felony. Upon defendant's first appearance before the circuit court she was advised that the People were seeking a conviction for a Class 4 felony, and the penalties which could be imposed upon conviction for a Class 4 felony were explained to her. At trial it was stipulated that defendant had previously been convicted of retail theft.

The appellate court, in reversing the judgment, reviewed a number of authorities (*People v. Ostrand* (1966), 35 Ill. 2d 520; *People v. Owens* (1967), 37 Ill. 2d 131; *People v. Weaver* (1968), 41 Ill. 2d 434; *People v. Dixon* (1970), 46 Ill. 2d 502), and although it concluded that the basis for the rule was subject to serious question, it held that our decision in *People v. Edwards* (1976), 63 Ill. 2d 134, required that the judgment be reversed.

Section 16A—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3) defines the offense of retail theft, and section 16A—10 provides:

"§ 16A—10. Sentence.

(1) Retail theft of property, the full retail value of which does not exceed $150, is a Class A misdemeanor.

(2) After a conviction of retail theft or theft, without regard to the full retail value thereof, a second or subsequent offense of retail theft, the full retail value of which does not exceed $150 is a Class 4 felony.

(3) Any retail theft of property, the full retail value of which exceeds $150, is a Class 3 felony." Ill. Rev. Stat. 1979, ch. 38, par. 16A—10.

The sole issue presented in this appeal is whether, in

order to invoke the provisions of section 16A—10(2), it was necessary to allege in the information that the offense charged was "a second or subsequent offense of retail theft."

In its review of the authorities the appellate court, after discussing *People v. Ostrand* (1966), 35 Ill. 2d 520, *People v. Owens* (1967), 37 Ill. 2d 131, and *People v. Dixon* (1970), 46 Ill. 2d 502, concluded that none of these authorities can be read to hold "that the prior conviction must be alleged in the indictment." (90 Ill. App. 3d 102, 105.) We agree.

In reviewing a number of opinions of the appellate court, the appellate court said that the "cases have held that while there is no requirement that prior convictions which may subject a defendant to an enhanced penalty or extended term of imprisonment need be set out in an indictment or information (*People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374; *People v. Racinowski* (1979), 78 Ill. App. 3d 954, 397 N.E.2d 932), where the statute mandates an enhanced penalty or elevates the degree of an offense from a misdemeanor to a felony, the prior conviction must be alleged in the indictment. (*People v. Racinowski,* citing, *inter alia, Ostrand* and *Ramey.*) The stated logic is that the prior conviction then becomes an element of the offense charged. (*People v. April* (1979), 73 Ill. App. 3d 555, 392 N.E.2d 400.) Again, the issue before the court in *Racinowski* and *April,* however, was not whether the body of the indictment or information must contain the allegation of the prior conviction to charge the enhanced offense or require the imposition of an enhanced penalty." 90 Ill. App. 3d 102, 105.

For the most part, the defendants in the cases cited have contended that the allegation and proof of prior convictions have been prejudicial. Indeed, in the Habitual Criminal Act (Ill. Rev. Stat. 1979, ch. 38, par. 33B—1 *et seq.*) allegation and proof of prior convictions are proscribed until after conviction.

We are not unaware of the differences between the result of conviction of a felony and a misdemeanor. (Ill. Const., art. XIII, § 1; Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—5.) We do not, however, find any sound reason to hold that because the prior conviction elevates the degree of the offense from a misdemeanor to a felony it should be necessary, at the risk of prejudice to the accused, that it be alleged in the information and proved.

We hold that in order to invoke the provisions of section 16A—10(2) the sentencing court must find beyond a reasonable doubt, after notice to the accused and an opportunity to refute the allegation, that the accused was in fact convicted of a prior offense of retail theft and that the record supports that finding.

Here defendant was advised at her first appearance before the court that the People sought to invoke the felony provisions of the statute. The prior conviction was stipulated, and defendant has shown no prejudice as the result of the failure to allege the prior conviction in the information.

For the reasons stated the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*