[Cite as *State v. Falkenstein*, 2011-Ohio-5188.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96659

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONALD FALKENSTEIN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED
## FOR CORRECTION

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-434255

**BEFORE:** Boyle, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 6, 2011

**FOR APPELLANT**

Donald Falkenstein, pro se
Inmate No. 451-824
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Thorin O. Freeman
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY J. BOYLE, J.:

{¶ 1}   Defendant-appellant, Donald Falkenstein, appeals the trial court's judgment denying his "motion to set aside/vacate or in the alternat[ive] resentence him on an otherwise void sentence."   We find merit to his appeal and reverse and remand.

{¶ 2}   In 2003, Falkenstein was convicted of 41 counts of rape of a child under the age of 13.   The trial court sentenced him to consecutive life terms in prison, with the

parole eligibility after 20 years. This court affirmed Falkenstein's convictions in *State v. Falkenstein*, 8th Dist. No. 83316, 2004-Ohio-2561.

{¶ 3} In October 2010, Falkenstein filed a pro se "motion to set aside/vacate or in the alternat[ive] resentence him on an otherwise void sentence," arguing that his sentence was void because the trial court failed to advise him of the mandatory period of postrelease control and of the consequences of a postrelease-control violation. In the sentencing entry, the trial court had notified Falkenstein that postrelease control was part of his "prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28." The journal entry said nothing of a postrelease-control violation.[1]

{¶ 4} The state filed a response to Falkenstein's motion, agreeing that Falkenstein had not been properly advised of postrelease control and further agreeing that he should be resentenced.

{¶ 5} The trial court, however, denied Falkenstein's motion without a hearing because "defendant [was] serving a life sentence." Falkenstein now argues that the trial court erred when it denied his motion. We agree.

{¶ 6} R.C. 2967.28 provides:

{¶ 7} "(B) Each sentence to a prison term for felony of the first degree, *** [or] for a felony sex offense *** shall include a requirement that the offender be subject to a

---

[1]Falkenstein did not file a transcript of the sentencing hearing with this court, nor did he request one. In fact, he stated that a transcript was not necessary. Thus, this court must presume that Falkenstein was properly informed about postrelease control and the possible sanctions for

period of post-release control imposed by the parole board after the offender's release from imprisonment. *** Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

{¶ 8} "(1) For a felony of the first degree or for a felony sex offense, five years[.]"

{¶ 9} In *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, the Ohio Supreme Court concluded that postrelease control must be imposed upon a defendant who receives an indefinite sentence of life in prison with parole eligibility for a conviction of rape in violation of R.C. 2907.02. Id. at ¶14. Of paramount concern to the court was the legislative intent in enacting R.C. 2967.28. The Supreme Court found that the statute's plain, unambiguous language expressly requires the inclusion of a mandatory postrelease control term of five years for each prison sentence for felonies of the first degree and felony sex offenses. Id.

{¶ 10} Carnail was convicted of rape and sentenced to an indefinite sentence of life in prison with parole eligibility after ten years. The Supreme Court, however, determined that "[b]ecause R.C. 2967.28(B)(1) is phrased in broad, sweeping language," the courts "must accord it broad, sweeping application." Id. at ¶20. Thus, "[a]lthough it could be implied from [R.C. 2967.28(F)] that postrelease control is unnecessary for

violating it at his sentencing hearing.

indefinite or life sentences, there is no specific language in either this or other provisions that modifies the express language in R.C. 2967.28(B)(1) requiring postrelease control." Id. "That is, R.C. 2967.28(B)(1) is not expressly limited to definite sentences; instead, it applies broadly to '[e]ach sentence to a prison term for a felony of the first degree.'" Id.

{¶ 11} Because Falkenstein was sentenced on both a first-degree felony and a sex offense, five years postrelease control is mandatory, and the trial court erred when it denied his motion. *McCormick* at ¶14. The state concedes as much.

{¶ 12} Falkenstein now argues that he is entitled to a resentencing hearing pursuant to R.C. 2929.191(C), which expressly requires a trial court to conduct a hearing in accordance with this provision before correcting a judgment of conviction with improper postrelease control. He argues that in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court does not "indicate that any of the provisions in R.C. 2929.191 are unenforceable or inapplicable."

{¶ 13} The procedures in R.C. 2929.191, however, only apply to sentences that were imposed on or after July 11, 2006. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus. The Ohio Supreme Court expressly stated in *Singleton* that for criminal sentences, which failed to properly include postrelease control and were imposed before July 11, 2006, as Falkenstein's sentence was, trial courts shall conduct a de novo sentencing hearing in accordance with Supreme Court precedents. Id. at paragraph one of the syllabus; see *State v. Bezak*, 114

Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (an offender is entitled to a de novo sentencing hearing for the trial court to correct a sentence that omitted notice of postrelease control).

{¶ 14} In *Fischer*, 128 Ohio St.3d 92, however, the Ohio Supreme Court modified *Bezak*, and held that "the new sentencing hearing to which an offender is entitled *** is limited to proper imposition of postrelease control," not a de novo sentencing hearing. *Fischer* at paragraph two of the syllabus. The Supreme Court further made clear that remand for resentencing "is just one arrow in the quiver." Id. at ¶29. It explained that "R.C. 2953.08(G)(2) also provides that an appellate court may 'increase, reduce *or* otherwise modify a sentence *** *or* may vacate the sentence and remand the matter to the sentencing court for resentencing.' (Emphasis added.) Correcting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion. See, e.g., *State v. Winters* (July 22, 1982), 8th Dist. No. 42799; *State v. Coughlin*, 11th Dist. No. 2006-A-0026, 2007-Ohio-897; *State v. Gimbrone*, 2d Dist. No. 23062, 2009-Ohio-6264; *People v. Kelly* (1965), 66 Ill.App.2d 204, 211, 214 N.E.2d 290; *State v. Sheppard* (A.D.1973), 125 N.J.Super. 332, 336, 310 A.2d 731; *Harness v. State* (2003), 352 Ark. 335, 339, 101 S.W.3d 235." *Fischer* at ¶29. Indeed, "[c]orrecting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence." Id. at ¶30.

{¶ 15} Accordingly, under R.C. 2953.08(G)(2), we modify and correct Falkenstein's postrelease control from "the maximum period allowed *** under R.C. 2967.28" to "a mandatory term of five years postrelease control."

{¶ 16} Judgment reversed, sentence is modified, and case remanded. Upon remand, the trial court is instructed to correct the sentencing entry to reflect the proper period of mandatory postrelease control, i.e., five years, and further, to include the consequences for violating the provisions of postrelease control.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR