THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH LEON SIMMONS, Defendant-Appellant.

(No. 72-278;

Fifth District—February 22, 1974.

CARTER, J., took no part.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (J. Earl Crisel, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Appellant was convicted of five counts of armed robbery upon his negotiated plea of guilty in St. Clair County. He asserts here that the trial court did not properly accept his guilty plea, that the court improperly imposed separate concurrent sentences for each of the five counts, and that the sentences were excessive.

■■■ While appellant was informed that he was charged with armed robbery, he was at no time given any explanation of the nature of the charge. The indictment was not read to him nor were the elements of the charge explained to him. He was never asked if he understood the nature of the charge. This Court has clearly held such failure to be reversible error (*People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533; *People v. Ingeneri*, 7 Ill.App.3d 809, 288 N.E.2d 550). While it is true as the State noted that his plea was accepted prior to the decisions noted, it is inescapable that such a complete failure to comply with Supreme Court Rule 402(a) (Ill. Rev. Stat. ch. 110A, par. 402(a)) requires reversal. The court further failed to comply with Rule 402(b) in not confirming with the defendant terms of the plea agreement entered into on the record in open court. The combination of these errors require that the judgment be reversed and the cause remanded with direction to allow appellant to plead anew if he so desires.

Because of the clear error in acceptance of the guilty plea, we deem it unnecessary to consider the other issues raised on appeal.

Reversed and remanded with directions.

Mr. JUSTICE CARTER took no part in the consideration or decision of this case.