THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEL E. McCARTY, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DELMAR McCARTY, Defendant-Appellant.

Fourth District   Nos. 4—85—0425, 4—85—0426 cons.

Opinion filed April 7, 1986.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

The defendant appeals from denial of his motion to withdraw his guilty pleas in two separate causes comprising 12 counts of deceptive practices. Ill. Rev. Stat. 1983, ch. 38, par. 17—1(B)(d).

Cause No. 4—85—0425, consisting of three counts of deceptive practices, is based upon the defendant's efforts to purchase an automobile from Nancy Stewart in Late October and November 1984. According to the victim's written narrative, the defendant purchased a used automobile from her for $3,500. Initially, the defendant wrote Stewart a check for $3,000 and received possession of the vehicle. A second check for $500 followed approximately a week later, and Stewart signed over the vehicle's title to the defendant. These two

checks were both written on an account which had been closed for several weeks. After much effort, the victim obtained a third check from the defendant in the amount of $3,550; derived from the purchase price plus $50 for the victim's "inconvenience." This third check was a type of counter check which purported to draw upon the account of "M&M Trucking," but contained an invalid authorization number.

The defendant stands convicted of nine more counts of deceptive practices in cause No. 4—85—0426. These counts arose from various incidents in which the defendant attempted to obtain goods or services with a counter check which utilized a nonexistent authorization code. Although the State originally charged the defendant with seven counts of forgery, along with deceptive practices, the forgery counts were dismissed when the defendant pleaded guilty. With one exception, the checks at issue involved a face amount of more than $150. Count XV of the information in No. 4—85—0426 alleges that the defendant delivered a bank check in the amount of $60 to a restaurant in payment for food and drinks, knowing the check would not be paid by the depository.

At the defendant's first appearance in cause No. 4—85—0425, the court read to him the complaint which charged him with deceptive practices. The court also informed the defendant that the offense charged was a Class 4 felony and told him of the possible penalties. The defendant indicated he understood the potential penalties as well as his right to trial and to representation by counsel.

The State replaced the complaint in No. 4—85—0425 with a three-count information. This charging instrument, along with the information in No. 4—85—0426, states the amount of each check at issue; alleges that the check was delivered with intent to defraud and obtain control over the named victim's property; alleges the defendant knew the check would not be paid by the depository; and cites to the pertinent section of the Criminal Code of 1961. Ill. Rev. Stat. 1983, ch. 38, par. 17—1(B)(d).

On February 20, 1985, the defendant moved to withdraw his "not guilty" plea in cause No. 4—85—0425. The court read to the defendant each of the three counts, informed him that each offense constituted a Class 4 felony, and informed him of the possible penalties. The court also informed the defendant that he had the right to persist in his plea of not guilty, to undergo trial, and to testify and call witnesses on his own behalf. The defendant stated that he understood and waived each of these rights. The prosecution stated the factual basis for the three counts in No. 4—85—0425, and the defendant stip-

ulated to these facts. The court accepted the defendant's guilty plea after once again ascertaining that he understood and voluntarily waived his rights.

On March 28, 1985, the defendant pleaded guilty to the nine counts of deceptive practice in cause No. 4—85—0426. The court repeated the warnings given to the defendant at the earlier hearing. The State set forth the underlying facts on each count and the defendant stipulated to their accuracy. The court then accepted the defendant's guilty plea to the nine counts of deceptive practices and dismissed the forgery counts against him.

The court consolidated the two causes for sentencing and a hearing was held March 28, 1985. After considering a presentence report and testimony of two of the victims, the court sentenced the defendant to two years' imprisonment on each of the 12 counts, the terms to run concurrently.

On April 23, 1985, the defendant filed motions to withdraw his guilty plea in both causes and a hearing was held on these motions. The court denied the defendant's motions and the defendant appealed.

The defendant argues before this court that the trial court erred in convicting and sentencing him for felony deceptive practices when the informations in the two causes alleged only the elements of misdemeanor deceptive practices. The defendant then argues that the trial court failed to properly admonish him as to the nature of the offense charged as required under Supreme Court Rule. 87 Ill. 2d R. 402(a)(1).

Section 17—1(B)(d) provides:

> "A person commits a deceptive practice when***:
>
> ***
>
> (d) With intent to obtain control over property or to pay for property, labor or services of another *** he issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository." (Ill. Rev. Stat. 1983, ch. 38, par. 17—1(B)(d).)

Section 17—1(B)(d) further provides that an offense of deceptive practices constitutes a Class A misdemeanor. However, if a person has previously been convicted of a deceptive practice or "when the value of the property so obtained, in a single transaction, or in separate transactions within a 90 day period, exceeds $150,***" the defendant is guilty of a Class 4 felony. Ill. Rev. Stat. 1983, ch. 38, par. 17—1(B)(d).

■ The present defendant contends that since the informations in these causes neither stated that he was charged with a felony nor

enumerated each element of the offense with which he was charged, the court could not properly convict him of a felony notwithstanding his plea of guilty. Initially, we note that the defendant never challenged the sufficiency of the informations in the circuit court. When the sufficiency of an information is initially challenged on appeal, this court will consider only whether the charge was sufficiently specific to permit the defense to prepare its case, and whether the complaint would permit the defendant to plead a conviction as bar to further prosecution for the same conduct. *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.

■ The defendant concedes that he knew the State was prosecuting him under the felony provisions of section 17—1. Nevertheless, he claims he was unaware of the specific elements necessary for a conviction. This lack of awareness allegedly caused the defendant to overlook ready defenses. Assuming, *arguendo*, that the facts necessary to enhance a misdemeanor deceptive practice to a felony are elements of the offense which the State must prove beyond a reasonable doubt (but see *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362), failure to allege all elements of an offense in an information is not *per se* fatal to the State. *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.

We liken the present case to *People v. Hayes* (1981), 87 Ill. 2d 95, 429 N.E.2d 490. In *Hayes*, the defendant was convicted of retail theft of property with a value less than $150. (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3(a).) A sentencing enhancement provision similar to that in the present case permitted the court to sentence the defendant as a Class 4 felon because she had a prior conviction for retail theft. Although she stipulated to her prior conviction at the trial court, the defendant argued on appeal that failure to allege her prior conviction in the information precluded sentencing her under the recidivist provision.

The Illinois Supreme Court affirmed the conviction. The supreme court specifically noted that the defendant was informed of the felony charge at her first appearance, had stipulated to the prior conviction, and had shown no prejudice stemming from the failure to allege the prior conviction in the charging instrument. (*People v. Hayes* (1981), (87 Ill. 2d 95, 98, 429 N.E.2d 490, 492.) The court held in *Hayes* that when a defendant has notice of trial as a felon and is not prejudiced by failure to allege elements which enhance the potential sentence, the enhanced conviction should be affirmed. *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795.

Like the defendant in *Hayes*, the present defendant stipulated to

the facts set forth by the State at the hearing on his guilty plea. These facts included the amount that defendant sought in writing each of the checks, the crucial element in determining he had committed a felony. Moreover, the defendant has not shown any actual prejudice. With the exception of count XV in cause No. 4—85—0426, the defendant can point only to technical deficiency. Not only does the defendant fail to show actual prejudice, the record indicates he failed to take any steps to alleviate his alleged confusion about the nature of the charge against him as provided for by the Code of Criminal Procedure of 1963. Ill. Rev. Stat. 1983, ch. 38, par. 111—6.

■ Although not model pleadings, we conclude the informations in the two causes sufficiently permitted the defendant to prepare his defense as required by *Pujoue*. These informations also meet the second prong of the *Pujoue* test: they are specific enough to preclude further prosecution for the same actions.

■ The defendant's argument that the trial court failed to comply with Supreme Court Rule 402(a)(1) (87 Ill. 2d R. 402(a)(1)) is likewise without merit. Rule 402 requires only substantial, not literal, compliance. The admonitions under this rule are sufficient when an ordinary person under the circumstances would understand what is told them. (*People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.) The present record indicates the court fully admonished the defendant, as required by Rule 402, on more than one occasion. The defendant knew the charges against him, that they were Class 4 felonies, and that he could be sentenced as a felon.

The present facts are clearly distinguishable from those in *People v. Simmons* (1974), 17 Ill. App. 3d 849, 308 N.E.2d 859 (*per curiam*), upon which the defendant relies. In *Simmons*, the court did not read the charge to the defendant, nor was he asked if he understood the nature of the charges. Similarly, the court did not explain the elements of the offense. Such "complete" failure to follow Rule 402 mandated that the defendant be permitted to plead anew. By contrast, the court in the present case explained to the defendant the nature of the charges against him by both reading the charges and questioning the defendant about his understanding. Moreover, subsequent to *Simmons*, the Illinois Supreme Court has held that Rule 402 does not require explanation of each element of an offense. *People v. Robinson* (1976), 63 Ill. 2d 141, 345 N.E.2d 465.

■ Notwithstanding the overall sufficiency of the two informations and the court's admonitions of the defendant, we must reverse the defendant's conviction on count XV in cause No. 4—85—0426. Although the defendant never raised this point directly, both the face of

the charging instrument and the facts stipulated to by the defendant indicate that less than $150 worth of property was at stake in the particular transaction at issue. These facts do not constitute a felony deceptive practice under section 17—1(B)(d), and the conviction on this count must therefore be reversed as plain error. *People v. Warship* (1974), 59 Ill. 2d 125, 319 N.E.2d 507; 87 Ill. 2d R. 615.

We reverse the defendant's conviction on count XV in cause No. 4—85—0426. In all other respects we affirm the judgment of the trial court.

Affirmed in part, reversed in part, and remanded.

McCULLOUGH, P.J., and WEBBER, J., concur.