THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALPHONZA LEE JONES, Defendant-Appellant.

Third District No. 3—85—0364

Opinion filed November 12, 1986.—Rehearing denied December 2, 1986.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

Joan Scott, State's Attorney, of Lewistown (Rita Kennedy Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Alphonza Lee Jones, pleaded guilty to three counts of deceptive practices and one count of forgery. Following the entry of his pleas, the defendant moved to vacate his pleas to the charges of deceptive practices. The trial court denied the motion to withdraw the pleas and the defendant appealed.

Each of the charges of deceptive practices was filed under subsection (B)(d) of the deceptive practices statute (Ill. Rev. Stat. 1985, ch. 38, par. 17—1(B)(d)) (paragraph (d)), and based upon the defendant's writing of checks knowing that his bank account contained insufficient funds. Specifically, on September 26, 1984, the defendant was charged with writing 16 bad checks totaling $642.95 between July 22 and September 25. On October 3, 1984, the defendant was charged with writ-

ing 21 additional bad checks totaling $474 between August 24 and September 25, 1984. On October 12, 1984, the defendant was charged with writing 11 still additional bad checks totaling $295 between September 15 and September 26, 1984. The forgery charge was based upon the defendant's delivery of a forged check.

The defendant asserts first on appeal that two of his three convictions for deceptive practices must be reversed. Specifically, the defendant argues that because he wrote all of the instant bad checks within one 90-day period, the deceptive practices statute mandates a single felony prosecution and sentence.

The offense of deceptive practices is set forth in section 17—1 of the Criminal Code of 1961 (the Code), as amended (Ill. Rev. Stat. 1985, ch. 38, par. 17—1). The sentencing provisions of this section, located at section 17—1(B)(e) of the Code, provide, in relevant part, that an offense of deceptive practices for writing a bad check in violation of paragraph (d) is a Class A misdemeanor. However, they continue to provide:

"A person convicted of deceptive practices in violation of paragraph (d), when the value of the property so obtained, in a single transaction, or in separate transactions within a 90 day period, exceeds $150, shall be guilty of a Class 4 felony. In the case of a prosecution for separate transactions totaling more than $150 within a 90 day period, such separate transactions shall be alleged in a single charge and provided in a single prosecution." Ill. Rev. Stat. 1985, ch. 38, par. 17—1(B)(e).

The defendant asserts that the language of section 17—1(B)(e) allows the State to bring only one aggravated, felony charge and prosecution under paragraph (d), for separate bad checks written in a 90-day period and totaling more than $150.

The primary function of a court in construing a statute is to give effect to the intention of the legislature. (*People v. Beam* (1979), 74 Ill. 2d 240, 384 N.E.2d 1315.) Considering the legislature's intent, we find that there was no error in the State's bringing three separate deceptive-practices charges and prosecutions against the defendant.

The obvious intent of the legislature in enacting section 17—1(B)(e) was to allow the State to punish a defendant as a felon if he was convicted of writing bad checks totaling more than $150. The legislature also intended to prevent the State from unfairly aggregating felony charges by arbitrarily subdividing a set of bad-check offenses into as many groups totaling greater than $150 as possible. The legislature's intent was carried out in this case.

The State did not attempt to aggregate the charges against the

defendant by arbitrarily dividing up the group of offenses. To the contrary, in the first charge, filed in September 1984, the defendant was charged with all of the bad checks of which the State had knowledge at that time. When a second group of bad checks came to the State's attention in October, a second charge was filed; no attempt was made to subdivide this group of checks into separate felony charges. Finally, when yet another group of the defendant's bad checks surfaced, the State filed a third charge which encompassed this complete set. The State merely filed each charge promptly after each distinct group of the defendant's transgressions became apparent. No unfair or arbitrary grouping or aggregation of the charges occurred here.

To interpret the statute as the defendant suggests would allow an offender to write bad checks totaling more than $150 on day 1, and then write bad checks with impunity for the next 89 days. We cannot conclude that the legislature intended such an absurd result. In reaching our conclusion contrary to the defendant's, we reject the defendant's assertion that the legislature could not have intended to allow prosecutors discretion in bringing multiple aggregated charges arising within a single 90-day period. Furthermore, we note that the instant record shows no prosecutorial abuse as the charges clearly were brought not to maximize the defendant's penalty, but as they became available to the State.

Based on the foregoing, we find that the defendant's convictions were proper.

The judgment of the circuit court of Fulton County is affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.