THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PHILIP BURKE, Defendant-Appellant.

Second District   No. 2—86—0646

Opinion filed December 31, 1987.

Stephen M. Komie, of Komie & Associates, and Herbert L. Wisch, of
Wisch & Dyer, Ltd., both of Chicago (Robert S. Bailey, of counsel), for ap-
pellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of Elgin, and John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of Ottawa, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

The defendant, Philip Burke, was charged by information with six counts of deceptive practice. (Ill. Rev. Stat. 1985, ch. 38, par. 17—1(B)(d).) After a jury trial, the defendant was convicted on all counts and sentenced to concurrent three-year terms of imprisonment. The office of the State Appellate Defender was appointed to represent defendant on appeal and raised the following issues: (1) whether the prosecutor's reference to defendant's prearrest and post-arrest silence denied him a fair trial; (2) whether the trial judge prejudiciously injected his personal knowledge into the sentencing determination; and (3) whether the defendant was properly convicted of six counts of felony deceptive practice.

After defendant filed his reply brief, but prior to the scheduled date for oral argument, we allowed defendant's motion to substitute counsel. Thereafter, we granted substitute counsel leave to file a supplemental brief, set a supplemental briefing schedule, and rescheduled oral argument. Defendant's motion for leave to file late his supplemental reply brief, which was taken with the case, is granted. In his supplemental brief, defendant argues the insufficiency of the proof at trial and the insufficiency of the indictment precluded defendant from being convicted of felony deceptive practices. At oral argument, defendant waived consideration of the second and third issues raised by the appellate defender except as they related to the arguments raised in his supplemental brief. We agree with defendant that the second argument raised by the appellate defender is without merit. We therefore shall confine our discussion to the first issue raised by the appellate defender and the defendant's challenges to his six felony convictions.

Defendant's convictions stemmed from his delivery of six checks between March 1 and March 26, 1985. The total amount of the checks was $329.94. None of the checks exceeded $150. Five of the checks were delivered to a Piggly Wiggly grocery store between March 1 and 5; the sixth check was delivered to an auto parts store on March 26. The checks were written upon defendant's business account at the Citizens Bank.

Defendant first argues the prosecutor's references to his prearrest and post-arrest silence denied him a fair trial. In support of his

argument, defendant relies exclusively on two recent cases that decided issues concerning prearrest and post-arrest silence on the basis of Illinois evidentiary rules. (*People v. Nolan* (1987), 152 Ill. App. 3d 260; *People v. McMullin* (1985), 138 Ill. App. 3d 872.) The failure to invoke a rule of evidence by timely objection waives consideration of the issue on appeal. (*People v. Neidhofer* (1986), 150 Ill. App. 3d 518, 521-22.) Defendant did not object at trial or in his post-trial motion to the testimony and comment he now claims were prejudicial. Therefore, this issue is waived. We decline to accept defendant's invitation to address his claims under the plain error rule because we do not believe the evidence was closely balanced. (Compare *McMullin*, 138 Ill. App. 3d at 876.) Furthermore, our review reveals that the error, if any, was harmless.

We proceed to the central focus of defendant's appeal. In essence, defendant contends he was improperly convicted and sentenced on six counts of felony deceptive practice. The appellate defender argued only one felony conviction and sentence should have been entered. Substitute counsel argues defendant's felony convictions cannot stand and requests this court to either remand the case for the imposition of sentence on a misdemeanor basis or for a new trial on a felony basis.

Section 17—1(B)(d) of the Criminal Code of 1961 provides in pertinent part:

"A person commits a deceptive practice when, with intent to defraud:

* * *

(d) With intent to obtain control over property or to pay for property, labor or services of another, *** he issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository.

***

Sentence.

A person convicted of deceptive practice under paragraphs (a) through (e) of this subsection (B), except as otherwise provided by this Section, is guilty of a Class A misdemeanor.

A person convicted of a deceptive practice in violation of paragraph (d) a second or subsequent time shall be guilty of a Class 4 felony.

A person convicted of deceptive practices in violation of paragraph (d), when the value of the property so obtained, in a single transaction, or in separate transactions within a 90 day period, exceeds $150, shall be guilty of a Class 4 felony.

In the case of a prosecution for separate transactions totaling more than $150 within a 90 day period, such separate transactions shall be alleged in a single charge and provided in a single prosecution." Ill. Rev. Stat. 1985, ch. 38, par. 17—1(B).

In the present case, defendant was charged by information with six counts of deceptive practice. Each count was predicated on a single check and set out the amount of the check and the date it was presented. Nothing in the information specified whether the charges were brought on a felony or misdemeanor basis. It made no mention of a prior conviction; nor were the six transactions, which occurred within 90 days and exceeded $150, combined in a single charge. At arraignment, the assistant State's Attorney asked leave to file the six-count information. The assistant public defender representing defendant acknowledged receipt of the information, and stated "[i]t appears to be a Class 4 felony." The court then stated, "Mr. Burke, I will advise you at this time these are Class 4 felonies," and proceeded to describe the corresponding sentencing alternatives. Prior to trial, the assistant State's Attorney indicated defendant had a prior deceptive practice conviction which could be used to attack defendant's credibility. The prior conviction was not referred to by the State at trial. The jury returned guilty verdicts on each of the six counts. The criminal history section of the presentence report included an entry indicating that defendant had been arrested by the Rosemont police department for deceptive practice in 1984, convicted, and sentenced to a $150 fine. Defendant did not object to this entry at the sentencing hearing. At the sentencing hearing, the State, without objection, relied on the prior deceptive practice as an aggravating factor. In imposing a sentence of three years' imprisonment the trial judge placed primary emphasis on defendant's prior deceptive practice conviction.

For the first time on appeal, defendant challenges the propriety of the six felony convictions and sentences entered thereon. It is apparent from our review of the record that the State, defense counsel, and the trial court were all proceeding on the basis that defendant was charged under the felony provisions of the deceptive practices statute. This is manifest from the proceedings at arraignment and at sentencing. However, it is equally apparent the information and the proof presented at trial failed to satisfy many of the statutory requirements. If the State was proceeding on the basis that defendant had a prior deceptive practice conviction, the prior conviction should have been alleged in the information and proved at trial. (*People v. Palmer* (1984), 104 Ill. 2d 340.) On the other hand, if the State was proceed-

ing under the 90-day, $150 provision, then a single charge should have been brought incorporating each of the six transactions. If the State was proceeding under both provisions, an information incorporating the proper elements should have been filed. Here, of course, these elementary principles of pleading and proof were not complied with, and as a result of defendant's failure to interject any objection at trial, we must once again sort through belated arguments advanced for the first time on appeal.

■ Our first task is to determine whether defendant's six felony convictions were proper on account of defendant's apparent prior deceptive practice conviction. Recognizing the deficiencies in the information and proof at trial, the State relies on *People v. Hayes* (1981), 87 Ill. 2d 95, as support for its argument that defendant's prior deceptive practice conviction justified the six felony convictions. In *Hayes*, defendant was charged with three counts of retail theft of less than $150. (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3(a).) The information contained no allegation of a prior conviction of retail theft and did not state whether the offense charged was a misdemeanor or a felony. The sentencing provision for retail theft provided that retail theft of property not valued over $150 is a Class A misdemeanor; a second retail theft of property not valued over $150 is a Class 4 felony; and retail theft over $150 is a Class 3 felony. (Ill. Rev. Stat. 1979, ch. 38, par. 16A—10.) At defendant's first appearance at trial she was advised the State was seeking a conviction for a Class 4 felony. At her bench trial it was stipulated that defendant had previously been convicted of retail theft. The issue presented on appeal was whether it was necessary to allege in the information that the offense charged was a second offense in order to secure a Class 4 felony conviction for retail theft. The court determined it was not. Instead, the court held that if the sentencing court finds beyond a reasonable doubt, after notice to the accused and an opportunity to be heard, that the accused was convicted of a prior offense, no error is involved. The court concluded this requirement was met because the defendant had notice the State was seeking a Class 4 felony conviction, the prior conviction was stipulated to, and defendant had not shown any prejudice from the failure to allege the prior conviction in the information.

We find *Hayes* distinguishable in the context of the State's claim that defendant was on notice that he was charged with a Class 4 felony predicated on his prior deceptive practice conviction. A section 17—1(B)(d) deceptive practice can be enhanced from a Class A misdemeanor to a Class 4 felony in two circumstances: (1) the defendant

has a prior section (d) deceptive practice conviction; or (2) the value of the property obtained in a single transaction, or in separate transactions within a 90-day period, exceeds $150. (Ill. Rev. Stat. 1985, ch. 38, par. 17—1(B)(d).) Here, the record nowhere indicates that defendant was on notice that the State was seeking six Class 4 felony convictions based on defendant's prior deceptive practice conviction. At arraignment, the State simply asked leave to file a six-count information. The comments by defense counsel and the court indicating that a Class 4 felony was involved could have been, and in defense counsel's case seem to have been, predicated on the 90-day, $150 provision of the statute. Further distinguishing *Hayes* is the absence of a stipulation by defendant to the prior conviction. The assistant State's Attorney's pretrial reference to the prior conviction in the impeachment context certainly does not parallel an express stipulation at trial by defense counsel to the admission in evidence of the prior conviction. For these reasons, the State's reliance on *Hayes* is misplaced.

Having found that *Hayes* does not control, we conclude the six felony convictions cannot be upheld on the basis of defendant's prior deceptive practice conviction. This element of felony deceptive practice was not alleged, the defendant was not on notice he was being charged as a felon on a recidivist basis, and it was not proved at trial. (See *People v. Palmer* (1984), 104 Ill. 2d 340.) We decline comment on whether a prior deceptive practice conviction alleged and proved at trial can support six felony convictions under the facts of the present case.

We next address whether defendant's six felony convictions can be otherwise upheld. We think not. Defendant was convicted of passing six bad checks totaling $339.94 during a 26-day period. None of the checks exceeded $150. It is clear from the deceptive practices statute that under the present circumstances defendant should have been charged with a single count of felony deceptive practice. (Compare *People v. Jones* (1986), 149 Ill. App. 3d 275 (court found a defendant who delivered three series of bad checks within 90 days could be convicted of three Class 4 felonies where the prosecutor filed each charge promptly after each distinct group of defendant's transgressions became apparent).) The charge should have incorporated the six checks passed by the defendant. The jury should have rendered one verdict, and defendant should have been sentenced on a single felony deceptive practice conviction. (*People v. Bratcher* (1986), 149 Ill. App. 3d 425.) Therefore, we vacate five of the six felony convictions.

The inquiry on this matter does not end here, however, as substitute counsel argues defendant was improperly convicted of a fel-

ony deceptive practice on account of the insufficiency of the information. Defendant contends he was denied due process because he was not given fair notice he was charged with a felony on account of the absence of any indication in the information that the State was seeking a felony conviction under the 90-day, $150 provision, and the failure of the State to bring a single charge. When the sufficiency of a charging instrument is challenged for the first time on appeal, it will be upheld provided it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense, and it allows the accused to plead a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Pujoue* (1975), 61 Ill. 2d 335, 339.

■ In the present case, we believe the information was sufficient to allow defendant to prepare his defense. Each of the six counts of the information alleged the date, amount, and location where the particular check was presented. At arraignment, defense counsel stated upon receiving the information that it appeared to charge a Class 4 felony. This characterization is consistent with the 90-day, $150 provision of the deceptive practice statute. At trial, defendant's theory of defense was that he did not know his bank account contained insufficient funds when he presented the six checks. Defendant did not contest the dates or amounts of the checks, which are the critical elements in determining whether defendant committed a felony under the 90-day, $150 provision of the deceptive practice statute. (*People v. McCarty* (1986), 142 Ill. App. 3d 229, 234.) The jury found the defendant guilty of deceptive practice on each of the six counts. Under these circumstances, we fail to see, and defendant has not provided any indication, how defendant's defense was prejudiced by the deficient information. In addition, because the information alleged the date, amount, and location where each of the six checks was presented, there is no danger that defendant will be subjected to another prosecution based on the conduct for which he stands convicted. (*Pujoue*, 61 Ill. 2d at 340.) Therefore, we do not find this contention persuasive.

■ Having determined that five of the six felony deceptive practice convictions must be vacated, the final question is whether the cause should be remanded for resentencing. Where there is nothing to indicate vacated convictions influenced the imposition of sentence, remandment is unnecessary. (*People v. Payne* (1983), 98 Ill. 2d 45, 57; *People v. Argo* (1985), 133 Ill. App. 3d 421, 430; *People v. Blake* (1985), 130 Ill App. 3d 948, 949.) At the sentencing hearing, the trial judge imposed a single three-year term of imprisonment. The mitti-

mus, however, stated that defendant was sentenced to concurrent three-year terms of imprisonment on each count. The primary aggravating factor relied on by the court was the defendant's prior conviction for deceptive practice. Our review of the sentencing hearing convinces us the sentence imposed was predicated solely on the conduct involved and the pertinent aggravating factors. We find nothing indicating the sentence imposed was influenced by the number of convictions. Therefore, we need not remand the case for a new sentencing hearing.

For the foregoing reasons, the judgment of the circuit court is affirmed as to one count of felony deceptive practice; the remaining five counts of felony deceptive practice are vacated; and the cause is remanded for purposes of amending the mittimus.

Affirmed in part; vacated in part and remanded.

LINDBERG, P.J., and WOODWARD, J., concur.