THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLIFFORD EATON, Defendant-Appellant.

Third District   Nos. 3—89—0662, 3—90—0663 cons.

Opinion filed December 28, 1990.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Clifford Eaton, pled guilty in case Nos. 85—CF—376 and 86—CF—108 to two charges of deceptive practices (Ill. Rev. Stat. 1989, ch. 38, par. 17—1(B)(d)). He was subsequently sentenced to concurrent one-year terms of imprisonment. Those sentences were also to be served concurrently with previous sentences he had received in Cook County for other deceptive practices convictions. The defendant subsequently filed petitions for post-conviction relief. The State filed a motion to dismiss the petitions. The trial court granted the State's motion, and the defendant appeals.

The factual basis for the defendant's guilty plea in case No. 85—CF—376 showed that between July 5 and October 2, 1985, the defendant delivered six checks in Kankakee County, knowing that they would not be paid by the bank. The value of the property was in excess of $150 and was obtained within a 90-day period. The factual basis in case No. 86—CF—108 showed that on April 22, 1986, the defendant delivered a check in Kankakee County knowing that it would not be paid by the bank.

The defendant's petitions for post-conviction relief alleged that he was denied his sixth amendment right to the effective assistance of counsel when his attorney failed to move to dismiss the Kankakee County charges. He argued that since the acts which formed the basis of the Cook County convictions occurred within the same 90-day period as the acts upon which the Kankakee charges were based, all of the charges had to be brought in the same county. (See Ill. Rev. Stat. 1989, ch. 38, par. 17—1(B).) He therefore contended that his Kankakee County convictions should be vacated.

The State filed a motion to dismiss the petitions, alleging that Cook County and Kankakee County were separate jurisdictions and the defendant was properly prosecuted in each county. The trial court granted the State's motion, finding that the defendant had the burden of showing that the prosecutor's failure to join the Cook and Kankakee cases was an attempt to harass him.

The defendant argues on appeal that his Kankakee County convictions must be vacated because section 17—1(B) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 17—1(B)), which governs deceptive practices, mandates that transactions occurring within the

same 90-day period must be tried in one prosecution. He therefore contends that he could not be tried separately in Cook County and Kankakee County, since the deceptive transactions in each county occurred within the same 90-day period.

We agree that section 17—1(B) of the Criminal Code does state that separate transactions totaling more than $150 within a 90-day period shall be prosecuted with a single deceptive practices charge. (Ill. Rev. Stat. 1989, ch. 38, par. 17—1(B).) We also note, however, that the general venue statute provides that a criminal action is to be tried in the county where the offense was committed, except as otherwise provided by law. (Ill. Rev. Stat. 1989, ch. 38, par. 1—6(a).) The defendant argues that section 17—1(B) is an exception to the general venue requirement. We do not agree.

■■ ■ Potentially conflicting statutes must be read so as to give meaning to both statutes if possible. (*In re Estates of Rice* (1979), 77 Ill. App. 3d 641, 396 N.E.2d 1374.) Viewing section 17—1(B) and the general venue statute together, we find that section 17—1(B) is not an exception to the venue requirement but rather applies in cases where the deceptive acts occurred within the same county. It does not apply to the factual situation presented here, where the same type of acts occurred in different counties. In this case, the general venue statute providing that criminal charges be brought in the county in which the criminal acts occurred applies. Therefore, Kankakee and Cook Counties could each separately prosecute the defendant for deceptive practices. Of course, the deceptive transactions occurring in each county within a 90-day period had to be prosecuted with a single charge.

Based upon the above, we find that the State properly brought the instant charges against the defendant in Kankakee County irrespective of the charges in Cook County.

Accordingly, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.