THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ALLEN R. GODWIN, Defendant-Appellant.

Fifth District   No. 5—89—0133

Opinion filed May 2, 1991.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and Lori L. Mosby, of State Appellate Defender's Office, of Springfield, for appellant.

Charles Grace, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Philip B. Alfeld, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Allen R. Godwin, appeals from a judgment of the circuit court of Jackson County finding him guilty of felony deceptive practices. (Ill. Rev. Stat. 1987, ch. 38, par. 17—1(B)(d).) Defendant was sentenced to five years' imprisonment to be served consecutively to a sentence he is currently serving. In this cause, defendant raises the following issues: (1) whether the sentence must be vacated because he was previously convicted of deceptive practices based on transactions occurring within the same 90-day period, and (2) whether the court was authorized to impose an extended-term sentence.

Defendant was charged with theft and felony deceptive practices in Washington County on December 12, 1986. While these charges were pending, Jackson County was investigating similar charges alleged to have occurred on December 6-9, 1986.

On February 20, 1987, defendant pleaded guilty to felony deceptive practices in Washington County and was sentenced to three years' imprisonment. That conviction is not the subject of this appeal.

On May 10, 1988, defendant was charged in Jackson County with deceptive practices based upon bad checks passed in December 1986. Defendant was convicted of felony deceptive practices in Jackson County on September 15, 1988, after a bench trial. On December 19, 1988, he was sentenced to five years' imprisonment to be served consecutively to his current sentence.

Defendant's first argument on appeal is that his Jackson County conviction must be vacated because it was based on transactions occurring within the same 90-day time period as those on which his Washington County conviction was based. Defendant argues that section 17—1(B) of the Criminal Code of 1961 requires that, in a prosecution for deceptive practices involving separate transactions totaling more than $150 in a 90-day period, such separate transactions shall be alleged in a single charge and prosecuted in a single action.

Defendant's argument presents an interesting question for our review, as the two prosecutions were brought in different counties, by different prosecutors acting independently of each other. Such a situation has not arisen before under the statute. However, we derive some guidance from three cases which discuss this provision of the Criminal Code under somewhat similar circumstances.

In *People v. Jones* (1986), 149 Ill. App. 3d 275, 500 N.E.2d 45, defendant was charged with three counts of deceptive practices, each for several transactions aggregating over $150. Defendant had written a total of 48 bad checks between July 22 and September 26, 1984. On appeal, defendant argued that two of his three convictions must be reversed because he wrote all of the bad checks within one 90-day period and the deceptive practices statute mandates a single felony prosecution and sentence. The Third District of the Appellate Court found no error in the State's bringing three separate charges and prosecutions against the defendant. The court's reasoning, which we find persuasive, was as follows:

> "The obvious intent of the legislature in enacting section 17—1(B)(e) was to allow the State to punish a defendant as a felon if he was convicted of writing bad checks totaling more than $150. The legislature also intended to prevent the State from unfairly aggregating felony charges by arbitrarily subdividing a set of bad-check offenses into as many groups totaling greater than $150 as possible. The legislature's intent was carried out in this case.

The State did not attempt to aggregate the charges against the defendant by arbitrarily dividing up the group of offenses. [To the contrary,] [t]he State merely filed each charge promptly after each distinct group of the defendant's transgressions became apparent. No unfair or arbitrary grouping or aggregation of charges occurred here." (*Jones*, 149 Ill. App. 3d at 276-77, 500 N.E.2d at 46.)

As we have already stated, we find this reasoning applicable to and persuasive in the case at bar. Defendant argues, however, that the instant case is distinguishable from *Jones* because, in the instant case, the prosecutor substantially delayed in filing charges. Defendant urges us to follow two other cases in which different results were reached.

In *People v. Bratcher* (1986), 149 Ill. App. 3d 425, 500 N.E.2d 954, defendant was charged with seven counts of deceptive practices based on seven bad checks he had written in a single day. Defendant was charged with seven Class 4 felonies because, the State alleged, the seven bad checks totaled $202.77. On appeal, we held that the language of section 17—1(B) clearly requires that this prosecution be brought in a single charge.

We stand by our decision in *Bratcher*, for we find it to be distinguishable from *Jones*. In *Bratcher*, unlike in *Jones*, the prosecutor brought separate charges in order to maximize the defendant's penalty. It was this type of abuse which the statute was intended to prohibit.

In *People v. Burke* (1987), 164 Ill. App. 3d 468, 517 N.E.2d 1191, defendant was convicted of six counts of deceptive practices based upon delivery of six bad checks between March 1 and March 26, 1985. None of the checks was for more than $150, but together they totaled $329.94. All the convictions were for Class 4 felonies. The Second District of the Appellate Court held that under section 17—1(B), defendant should have been charged with a single count of felony deceptive practice. The court distinguished *Jones*, where the prosecutor filed each charge promptly after each distinct group of defendant's transgressions became apparent.

■■ ■ We find the instant case to be similar to *Jones*, and find its reasoning persuasive. The intent of the statute was to prevent a prosecutor from arbitrarily or intentionally aggregating transactions so as to increase a defendant's culpability and penalty. In the instant case, the two series of transactions took place in separate counties, where separate prosecutions were appropriate. The two prosecutors did not arbitrarily divide the charges, nor did they arbitrarily divide the chore of prosecution. Separate State's Attorneys in separate counties filed

charges for separate series of bad checks. Indeed, to follow defendant's reasoning would prohibit any prosecution for the Jackson County offense, for the venue provision of the Criminal Code of 1961 provides that prosecutions must be brought in the county in which the offense was committed. (Ill. Rev. Stat. 1989, ch. 38, par. 1—6. See *People v. Eaton* (1990), 207 Ill. App. 3d 182, 565 N.E.2d 733.) Under such a scenario, a defendant could write bad checks totaling $150 in one county, subjecting himself to prosecution, then cross the county line the next day and write an infinite number of bad checks knowing that he could never be prosecuted therefor. Certainly, the legislature did not intend such a result.

Defendant argues, however, that the Jackson County prosecutor's delay in bringing charges distinguishes this case from *Jones*. We might be persuaded by defendant's argument in this regard were there a basis to find that the prosecutor delayed in bringing charges for the purpose of circumventing the statute. That is, if we found that the prosecutor intentionally delayed in bringing charges so that he could bring more than one prosecution for a series of checks written in a 90-day period, we might agree with defendant. However, this is not such a case. The prosecutor explained that the delay in bringing charges was due to an administrative oversight in the State's Attorney's office.

■■ ■ Defendant also argues that to allow multiple prosecutions here would give the section an unconstitutional interpretation. Defendant argues that such an interpretation of the statute establishes arbitrary classifications in violation of the equal protection clause because a defendant who passes bad checks in only one county is liable for only one offense, while a defendant who passes bad checks in different counties may be liable for multiple offenses. We see no equal protection problem here. Neither the fourteenth amendment to the United States Constitution nor the Illinois Constitution prohibits legislative classifications reasonably calculated to promote or serve the public health, safety, welfare or morals. (*City of Chicago v. Vokes* (1963), 28 Ill. 2d 475, 479, 193 N.E.2d 40, 43.) Such classifications are deemed unconstitutional and invalidated only when they are arbitrary, unreasonable and unrelated to the public purpose sought to be attained, or when, although reasonably designed to promote the public interest, they effect classifications which have no reasonable basis and are therefore arbitrary. (*Vokes*, 28 Ill. 2d at 479, 193 N.E.2d at 44.) A classification which has some reasonable basis is not unconstitutional merely because in practice it results in some inequality. (*Vokes*, 28 Ill. 2d at 480, 193 N.E.2d at 44.) We think any classification created by our interpretation of section 17—1(B) is reasonably designed to promote the public inter-

est and is neither arbitrary nor unreasonable. For the foregoing reasons, we affirm the defendant's Jackson County conviction for deceptive practices.

We turn now to defendant's second argument: that the trial court was not authorized to impose an extended-term sentence on defendant for a misdemeanor offense which was "enhanced" to a felony. Section 17—1(B) provides that a person convicted of deceptive practices when the value of the property so obtained is less that $150 is guilty of a Class A misdemeanor. When the value of the property obtained either in a single transaction or in separate transactions within a 90-day period exceeds $150, the offense is a Class 4 felony. Defendant argues that deceptive practices is actually a misdemeanor which, in some cases, is enhanced to a felony. Defendant argues that because an extended-term sentence is not permitted for a misdemeanor, and because defendant committed a misdemeanor which was enhanced to a felony only because of multiple instances of criminal conduct, the extended-term sentence must be vacated.

We point out for the sake of clarity that defendant was sentenced to an extended-term sentence based upon his prior convictions for felony deceptive practices. Defendant's offense of deceptive practices was "enhanced" to a felony not because of his prior convictions, but because the value of the property obtained exceeded $150.

In support of his argument, defendant relies on *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558, and its progeny (*People v. Nally* (1985), 134 Ill. App. 3d 865, 480 N.E.2d 1373; *People v. Grayson* (1983), 119 Ill. App. 3d 252, 456 N.E.2d 664; *People v. Spearman* (1982), 108 Ill. App. 3d 237, 438 N.E.2d 1320). These cases hold that, where an offense constitutes a felony only by virtue of having been "enhanced" by a prior conviction for the same offense, a defendant may not be sentenced to an extended term of imprisonment based on a prior felony conviction, even where the offense relied on for enhancement is a different offense than that relied on for imposition of an extended term. The *Hobbs* line of cases holds that, in order to be eligible for an extended term, the conduct for which defendant is being sentenced must constitute a felony in and of itself, without any enhancement.

However, we find the instant case to be distinguishable from the situation presented in *Hobbs* and its progeny. In the *Hobbs* line of cases, the offenses for which the defendants were sentenced were enhanced by virtue of prior convictions. In the instant case, the offense constitutes a felony by virtue of the value of the property obtained through the deceptive practice. In such a case, the offense constitutes

a felony in and of itself simply by virtue of the dollar value involved and presents a different situation than that involved in *Hobbs* and its progeny. In the instant case, the crime is deemed more serious because it involves a greater loss to the victim. In the case of enhancement because of a prior conviction, the offense is not deemed more serious, but the perpetrator is subject to a greater penalty because he has made the same mistake twice.

▇▇▇ Where an offense constitutes a felony because of the dollar value of the loss and not because it has been enhanced from a misdemeanor, an extended term is authorized by section 5—5—3.2(b)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(1)). In the instant case, defendant was eligible for an extended-term sentence by virtue of his 1987 Washington County conviction for felony deceptive practices. The trial court did not err in sentencing defendant to an extended term of imprisonment.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.