[Cite as *State v. Cottrell*, 2012-Ohio-2634.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   97629

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# STEVE COTTRELL

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-409361

**BEFORE:**   E. Gallagher, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   June 14, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Mary McGrath
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Steve Cottrell appeals from the trial court's denial of his motion to void judgment. Cottrell argues that he is entitled to a de novo sentencing hearing because the trial court failed to impose a mandatory period of postrelease control and that his judgment of conviction journalized May 2, 2002 is not a final, appealable order. For the following reasons, we reverse the decision of the trial court and remand the matter for resentencing for the proper imposition of postrelease control.

{¶2} On March 28, 2002, a jury found Cottrell guilty of one count of aggravated murder with firearm and criminal gang activity specifications and three counts of attempted murder with firearm and criminal gang activity specifications. On April 26, 2002, the trial court sentenced Cottrell to 20 years to life for aggravated murder, three years for the firearm specification and three years for the criminal gang activity specification, to be served consecutively to each other; five years for one count of attempted murder to be served consecutive to the aggravated murder charge and five years each on the remaining attempted murder charges to run concurrently to the other sentences. Lastly, the trial court sentenced Cottrell to the possibility of five years of postrelease control under R.C. 2967.28 for each count.

{¶3} Cottrell appealed and this court affirmed his conviction and sentence. *See State v. Cottrell*, 8th Dist. No. 81356, 2003-Ohio-5806.

{¶4} On August 3, 2011, Cottrell filed a motion to void judgment, which the

state opposed. On November 1, 2011, the trial court denied Cottrell's motion. Cottrell appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶5} In his first assignment of error, Cottrell argues that he is entitled to a de novo sentencing hearing because the trial court failed to properly impose the mandatory terms of postrelease control for his convictions. We agree, in part, with Cottrell's argument.

{¶6} When the trial court sentenced Cottrell on April 26, 2002, the trial court stated "the possibility of postrelease control is a part of this prison sentence for a period of five years on each count for the above felony(s) under R.C. 2967.28."

{¶7} R.C. 2967.28 provides:

(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * *

(1) For a felony of the first degree * * *, five years[.]

{¶8} In *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, the Ohio Supreme Court concluded that postrelease control must be imposed upon a defendant who receives an indefinite sentence of life in prison with parole eligibility for a first-degree felony conviction. *See State v. Falkenstein*, 8th Dist. No. 96659, 2011-Ohio-5188. Of paramount concern to the court was the legislative intent in enacting R.C. 2967.28. The Supreme Court found that the statute's plain, unambiguous language expressly requires the inclusion of a mandatory postrelease control term of five years for each prison sentence for felonies of the first

degree and felony sex offenses. *McCormick*; *Falkenstein.* The Supreme Court determined that "[b]ecause R.C. 2967.28(B)(1) is phrased in broad, sweeping language," the courts "must accord it broad, sweeping application." *McCormick.* Thus, "[a]lthough it could be implied from [R.C. 2967.28(F)] that postrelease control is unnecessary for indefinite or life sentences, there is no specific language in either this or other provisions that modifies the express language in R.C. 2967.28(B)(1) requiring postrelease control." *McCormick*; *Falkenstein.* "That is, R.C. 2967.28(B)(1) is not expressly limited to definite sentences; instead, it applies broadly to '[e]ach sentence to a prison term for a felony of the first degree.'" *McCormick*; *Falkenstein.*[1]

{¶9} Because Cottrell was sentenced on four first-degree felony charges, five years of postrelease control is mandatory, not merely a possibility, and the trial court erred when it denied his motion. The state concedes as much.

{¶10} Thus we remand the matter for resentencing. However, this remand is not a de novo sentencing hearing as argued by Cottrell, but it is limited to the proper imposition of postrelease control. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph two of the syllabus.

{¶11} In his second assignment of error, Cottrell argues that his judgment of conviction, which was journalized May 2, 2002, is not a final, appealable order because

---

[1]While we note that Cottrell will be subject to a period of parole under his indefinite sentence for aggravated murder, this appeal is limited to the correct application of postrelease control. As such, we will limit our discussion to the issue of postrelease control. *See* R.C. 2967.28(F)(4).

the clerk of court's stamp of "received for filing" is inadequate. We overrule this assignment of error.

**{¶12}** Cottrell could have raised this argument on his direct appeal in 2003; as such, this argument is precluded by the doctrine of res judicata. *Fischer*. Further, Cottrell's judgment of conviction is time stamped by the clerk of courts, which established that it was received by the clerk of court's office on May 2, 2002. This court reviewed his judgment of conviction in his direct appeal.

**{¶13}** Cottrell's second assignment of error is overruled.

**{¶14}** The judgment of the trial court is reversed, and the matter remanded for a limited resentencing to properly impose postrelease control.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR

Appendix A

Assignments of Error:

I. "Whether the trial court erred by failing to accord defendant a de novo hearing on his motion for sentencing where the record (journal entry) on its face presents a prima facie case for the requested relief."

II. "Where the failure to properly file the attempted journal entry finding guilt and imposing sentence offends due process."