[Cite as *State v. Cottrell*, 2013-Ohio-2912.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99142**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STEVE COTTRELL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-409361

**BEFORE:** Stewart, A.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Matthew E. Meyer
          Adam Chaloupka
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113

MELODY J. STEWART, A.J.:

**{¶1}** In 2002, a jury found defendant-appellant Steve Cottrell guilty of various counts of aggravated murder and attempted murder, with firearm and gang specifications. We affirmed those convictions on direct appeal, *see State v. Cottrell*, 8th Dist. No. 81356, 2003-Ohio-5806, but in 2012 found that the trial court erred at the time of sentencing by not imposing a mandatory term of postrelease control. *See State v. Cottrell*, 8th Dist. No. 97629, 2012-Ohio-2634, ¶ 9. We thus ordered a resentencing "limited to the proper imposition of postrelease control." *Id*. at ¶ 10. At resentencing, Cottrell argued that despite our remand order limiting resentencing only to the issue of postrelease control, he was entitled to a de novo resentencing on all counts and that the provisions of R.C. 2929.191 setting forth the procedure to be followed to correct a judgment of conviction concerning postrelease control were adopted after his original sentencing and could not be applied retroactively to him. The court denied Cottrell's request for a de novo resentencing because it believed it was bound by the express terms of the remand.

**{¶2}** The court properly refused to conduct a de novo resentencing on all counts for two reasons. First, our opinion contained a mandate that Cottrell be resentenced solely for the purpose of imposing postrelease control. That mandate was required by the second paragraph of the syllabus to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238,

942 N.E.2d 332, which states: "The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)" The court had no discretion to violate our mandate absent some intervening change in the law. *See* R.C. 2949.05; *State v. Carlisle*, 8th Dist. No. 93266, 2010-Ohio-3407, ¶ 16-21, *aff'd on other grounds*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671. In fact, the court acknowledged the limited nature of the remand and in doing so properly limited the proceedings to imposing postrelease control.

{¶3} Second, Cottrell's argument that the statutory procedures for imposing postrelease control under R.C. 2929.191, adopted after he had been sentenced in 2002, cannot be applied retroactively to him ignores the Supreme Court's holding in *Fischer*. It is true that case decisions issued prior to *Fischer* — notably *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958 — held that R.C. 2929.191 could not be applied retroactively to offenders who were originally sentenced prior to July 11, 2006 (the effective date of R.C. 2929.191). *Fischer*, however, overruled *Singleton,* sub silentio, and expressly authorized the type of limited resentencing ordered by this court and carried into execution by the trial court. *See State v. Sanders*, 11th Dist. No. 2011-P-0088, 2012-Ohio-5025, ¶ 15 (collecting cases). We thus find no error in the manner in which the court imposed postrelease control.[1]

---

[1] Cottrell also cites *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, for the proposition that a court, on resentencing, cannot just impose postrelease control but must conduct a de novo resentencing. The state correctly notes that *Bloomer* does not stand for that

**{¶4}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.    A    certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

proposition, and the legal proposition that Cottrell cites is from *Singleton*.   We therefore find that *Bloomer* has no application to this appeal.